UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KEVIN DEMPERIO,

Plaintiff,

- against -

MARCUS THEATRE CORPORATION,

Defendant.

**COMPLAINT**

5:26-cv-2129 (AJB/CBF)

Plaintiff, by his attorneys, Gattuso & Ciotoli, PLLC, for her Complaint against Defendant, alleges as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 *et seq.*; New York Labor Law §§ 190 *et seq.*; 195 *et seq.*; 198 *et seq.*; 650 *et seq.*; and 663 *et seq.*; and 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") §§ 146 *et seq.* to recover overtime compensation, spread of hours compensation, wage notice violations, pay statement violations and damages arising from record-keeping violations on behalf of the Plaintiff.

2. Defendant owns and operates movie theatres known as Movie Tavern in several states. It maintains such a movie theatre at 180 Township Blvd, Camillus, NY 13031.

3. Plaintiff was employed by Defendant as a salaried Assistant Manager.

4. Plaintiff was misclassified as exempt from overtime under the job duties test.

5. Beginning in approximately June 2023 and continuing through August 11, 2026, Plaintiff regularly worked in excess of 40 hours per week without being paid overtime compensation as required by applicable Federal and State law.

6. Defendant never provided Plaintiff with a wage notice as required by applicable New York State law.

7. Beginning in June 2023 and continuing through August 11, 2026, Defendant failed to provide Plaintiff with pay statements that accurately recorded the hours he worked and was paid for.

8. Beginning in approximately June 2023 and continuing through August 11, 2026, Defendant failed to pay "spread of hours" compensation as required by applicable New York State law.

**THE PARTIES**

9. Plaintiff Kevin Demperio is a citizen of the State of New York, County of Onondaga and was employed by Defendant as a purported salaried assistant manager from June 2023 through August 11, 2026.

10. Upon information and belief, Defendant Marcus Theater Corporation is a foreign corporation organized and existing under the laws of the State of Wisconsin and with a place of business at 180 Township Blvd, Camillus, New York 13031

**JURISDICTION**

11. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 207, and 28 U.S.C. §§ 1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

**VENUE**

12. Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the

claims occurred in the Northern District of New York.

**FACTS**

13. Plaintiff worked as a salaried Assistant Manager for Defendant from June 2023 to August 11, 2026.

14. Plaintiff's salary was $78,000.00 per year from June 2023 to August 11, 2026.

15. Plaintiff averaged 50 hours per week from June 2023 through August 11, 2026.

16. Plaintiff's job duties consisted of almost 100% manual labor duties including, but not limited to, physical moving and lifting (loading or unloading trucks/deliveries,) stocking shelves, moving heavy boxes or inventory (dry goods, food, supply orders, Pepsi orders,) prepping, cooking food, setting up equipment and kitchen line for use, assembling food orders, cleaning, sweeping, mopping, scrubbing floors, sanitizing, organizing stock rooms, detailing equipment, taking out trash, cleaning dishes, following repetitive standard procedures (Expoing,) and working alongside peers as an extra set of hands. Plaintiff was also tasked with doing construction projects as part of renovating theater seating and tables.

17. Plaintiff would conduct interviews of applicants for jobs with Defendant but never could make a hiring decision, that was done by the General Manager. When Defendant was actively searching for a new employee Plaintiff would conduct one to two interviews per week, compromising a very small percentage of his weekly work time.

18. Plaintiff could issue discipline "write-ups" but had no authority to terminate an employee. This activity compromised a very small percentage of Plaintiff's weekly work time.

19. Because Plaintiff's work was vastly manual labor and not managerial, despite his job title as an Assistant Manager he did not qualify for any exemption from overtime.

20. Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting same, Defendant constitutes an "enterprise engaged in commerce."

21. Upon information and belief, Plaintiff was an "employee," as that term is defined under 29 U.S.C. § 203(e), New York Labor Law § 651, and case law interpreting the same.

22. While working for Defendant, Plaintiff was regularly required to perform work for Defendant without receiving proper overtime compensation as required under Federal and New York State law.

23. While working for Defendant, Plaintiff was not provided with a wage notice.

24. While working for Defendant, Plaintiff was not provided with pay statements containing information such as dates of work, rates of pay for regular and overtime hours, and number of regular hours and overtime hours worked.

25. Plaintiff often worked more than 10 hours in a given day.

26. Plaintiff was not provided with "spread of hours" compensation as required by applicable New York State law for days in which he worked more than 10 hours in a given day, including from September 2020 through June 2023 as an hourly employee and thereafter from June 2023 through August 11, 2026, as a misclassified salaried Assistant Manager.

**FIRST CAUSE OF ACTION AGAINST DEFENDANT**
**FLSA OVERTIME COMPENSATION**

27. Plaintiff repeats and re-alleges the allegations set forth in the previous paragraphs hereof.

28. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless

such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

29. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer . . . ."

30. Plaintiff was an employee within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

31. Defendant constitutes an "employer" within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d) and consequently, are liable for violations of the FLSA.

32. Plaintiff was not exempt from overtime wages under 29 U.S.C. §207.

33. Defendant failed to pay Plaintiff all earned overtime wages, at the rate of one and one-half times the regular rate of pay, for the time in which she worked after the first 40 hours in any given week.

34. Upon information and belief, the failure of Defendant to pay the Plaintiff his rightfully owed overtime compensation was willful.

35. By the foregoing reasons, Defendant is liable to the Plaintiff in an amount to be determined at trial, plus liquidated damages in an amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

**SECOND CAUSE OF ACTION AGAINST DEFENDANT**
**NEW YORK STATE OVERTIME COMPENSATION**

36. Plaintiff repeats and re-alleges the allegations set forth in the previous paragraphs hereof.

37. Pursuant to Articles 6 and 19 of the New York Labor Law, workers, such as the Plaintiff, are protected from wage underpayments and improper employment practices.

38. Title 12 NYCRR § 146-1.4 requires that "[a]n employer shall pay an employee for overtime at a wage rate of 1 1/2 times the employee's regular rate for hours worked in excess of 40 hours in one workweek…."

39. Pursuant to New York Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

40. As a person employed for hire by Defendants, Plaintiff is an "employee," as understood in Labor Law § 651 and case law interpreting the same.

41. Defendant is an "employer" within the meaning of § 651.

42. Upon information and belief, pursuant to New York Labor Law §§ 190 *et seq.*, 650 *et seq.*, and the cases interpreting same, Defendant is an "employer."

43. Plaintiff worked more than forty hours per week while working for Defendant.

44. Plaintiff did not satisfy the job duties test to be exempt from overtime in New York.

45. Plaintiff did not receive the required New York statutory overtime compensation for all hours worked after the first forty hours of work in a week.

46. Consequently, by failing to pay Plaintiff overtime compensation, Defendant violated New York Labor Law §§ 650 *et seq.*, and 663; and 12 NYCRR § 146.

47. Upon information and belief, Defendant's failure to pay the Plaintiff overtime compensation was willful.

48. By the foregoing reasons, Defendant has violated New York Labor Law §§ 650 *et seq*. and 663; and 12 NYCRR § 146 and are liable to the Plaintiff in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

**THIRD CAUSE OF ACTION AGAINST DEFENDANT:**
**NEW YORK STATE SPREAD OF HOURS COMPENSATION**

49. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs hereof.

50. Title 12 NYCRR §142-2.4 requires that, "An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours."

51. Beginning in September 2020 Plaintiff frequently worked more than 10 hours in a day.

52. Defendant did not pay the Plaintiff an additional hour's pay at the minimum wage when he worked more than 10 hours in a day as both an hourly employee and as a salaried employee.

53. Consequently, by failing to pay Plaintiff an additional hour's pay at the minimum wage when he worked more than 10 hours in a day, Defendant violated 12 NYCRR § 146-1.6.

54. Defendant's failure to pay "spread of hours" compensation for work performed by Plaintiff after 10 hours in a day was willful.

55. By the foregoing reasons, Defendant has violated 12 NYCRR § 142-1.6 and is liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**FOURTH CAUSE OF ACTION AGAINST DEFENDANT:**
**NYLL WAGE NOTICE AND PAY STATEMENT REQUIREMENTS**

56. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs hereof.

57. Defendant failed to provide Plaintiff with a wage notice containing information outlined in NYLL § 195(1), including information such as the rate of pay, any allowances claimed as part of the minimum wage.

58. Defendant failed to provide the Plaintiff with pay statements with every payment of wages containing information outlined in NYLL § 195(3), including information such as the rate of pay, basis of pay, gross wages, hours worked, and any allowances claimed as part of the minimum wage.

59. As a result of Defendant's violations of NYLL § 195(1) and (3), the Plaintiff may recover damages of $250.00 for each workday Defendant failed to provide Plaintiffs with a wage notice not to exceed $5,000.00, and damages of $250.00 for each work week Defendant failed to provide Plaintiff with a pay statement, not to exceed $5,000.00, together with costs and reasonable attorney's fees in accordance with NYLL § 198.

**WHEREFORE**, Plaintiff demands judgment:

(1) on the first cause of action against Defendant in an amount to be determined at trial, plus interest, costs and attorneys' fees;

(2) on the second cause of action against Defendant in an amount to be determined at trial, plus interest, costs and attorneys' fees;

(3) on the third cause of action against Defendant in an amount to be determined at trial, plus interest, costs and attorneys' fees;

(4) on the fourth cause of action against Defendant in an amount to be determined at trial, plus interest, costs and attorneys' fees; and

(2) such other and further relief as to the Court may deem just and proper.

Dated: Fayetteville, New York
October 16, 2026

*/s/ Frank S. Gattuso*
Frank S. Gattuso
GATTUSO & CIOTOLI, PLLC
The White House
7030 E. Genesee Street
Fayetteville, New York 13066
(315) 314-8000
fgattuso@gclawoffice.com